# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE CITY DIVISION
## 1:11cv336

| | |
|---|---|
| MATTHEW ERWIN ADAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| MICHAEL J. ASTRUE, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 13 & # 17]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 17] and **AFFIRM** the Commissioner's decision.

### I.    Procedural History

Plaintiff filed an application for disability benefits and an application for supplemental benefits on October 2, 2009. (Transcript of Administrative Record ("T.") 202-12.) Plaintiff alleged that he became disabled beginning January 2,

2009. (T. 202, 06.) The Social Security Administration denied Plaintiff's claim, finding that he was not disabled. (T. 141-45.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 149-67.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 44-80.) At the hearing, a vocational expert and a medical expert testified. The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 18-31.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III.	The ALJ's Decision**

In his March 29, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 31.) The ALJ made the following specific findings:

(1)	The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

(2)	The claimant has not engaged in substantial gainful activity since January 2, 2009, the alleged onset date (20 CFR § 404.1571 *et seq.*, and 416.971 *et seq.*).

(3)	The claimant has the following severe impairments: myalgias, an affective disorder and an anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

(4)	The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range medium work as defined in 20 CFR 404.1567(c) and 416.967(c). He is limited to the performance of "frequent" postural activities and only "occasional" climbing of ladders, ropes and scaffolds. He should avoid concentrated exposures to hazardous conditions including unprotected heights. He is limited to simple, routine and repetitive tasks and only occasional contact with co-workers and the public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on January 31, 1980 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exists in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the

>Social Security Act, from January 2, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 20-31.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. The ALJ'S Credibility Determination is Supported by Substantial Evidence in the Record

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonably be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see

also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Plaintiff contends that the ALJ "failed to evaluate the physical and non-exertional medical evidence, to properly evaluate the effect of Plaintiff's disabling pain." (Pl.'s Memo Support Mot. Summ. J. at p. 19.) Plaintiff then cites Craig for the unremarkable proposition that an ALJ must first evaluate the medical evidence in the record and determine whether Plaintiff's physical impairments could reasonably be expected to produce his symptoms prior to proceeding to step two. Plaintiff then notes that Judge Reidinger once remanded a case where the ALJ failed to consider certain objective medical evidence in the record and, thus, the ALJ failed to factor this evidence into his credibility determination. See Metcalf v. Astrue, Civil Case No. 1:08-cv-211 (W.D.N.C. Mar. 23, 2010) (Reidinger, J.). Plaintiff, however, fails to offer any argument or legal analysis as to why this case is similar to Metcalf, how the ALJ failed to comply with the standard set forth in

Craig, or how the ALJ erred aside from the lone, conclusory sentence quoted by the Court above. Plaintiff does not even set forth what medical evidence the ALJ allegedly failed to consider.

This Court has repeatedly warned counsel in case after case after case about the perils of making conclusory arguments unsupported by any actual legal analysis. Despite these warnings and numerous orders from this Court directing counsel that it will strike or disregard any such arguments, counsel has continued to make the same unsupported legal argument over and over again in social security cases. Just as in many of these prior cases, the legal argument made by counsel in his brief is patently frivolous as the record reflects that the ALJ considered the medical evidence in the record at length prior to concluding that Plaintiff's testimony as to the intensity, persistence, and limiting effects of his symptoms was only partially credible. (T. 23-28.) The Court cannot comprehend why counsel continues to make the same unsupported, frivolous argument in light of this Court's prior sanctions and its continued warnings to counsel. The Court deems Plaintiff to have waived any argument that the ALJ erred in assessing Plaintiff's credibility.[2]

---

2 Despite the fact that Plaintiff has waived any argument that the ALJ failed to properly consider Plaintiff's credibility, the determination of the ALJ that Plaintiff's testimony regarding his pain and symptoms is supported by substantial evidence in the record and the ALJ applied the correct legal standard in assessing Plaintiff's credibility.

### B. The ALJ did not err by Finding at Step Two that Plaintiff's Lyme Disease was not a Severe Impairment

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). A claimant, however, has the burden of establishing the existence of an impairment. 20 CFR § 404.1512. An impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 404.1508. "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996).

At step two, the ALJ specifically considered whether Plaintiff's alleged Lyme disease constituted a severe impairment. (T. 21.) The ALJ, however, found that because "the disorder had not been definitively confirmed (by acceptable testing as set forth by Dr. Bland) and the effects thereof have not resulted in significant vocational restrictions, the alleged disorder is non-severe." (T. 21.) Plaintiff contends that the ALJ erred in determining that Plaintiff does not suffer from the severe impairment Lyme disease. (Pl.'s Memo Support Mot. Summ. J. at p. 21.)

In reaching his decision that Plaintiff's Lyme disease was not a severe impairment, the ALJ relied heavily on the testimony of Dr. Susan Bland, who testified at the hearing. (T. 20-21, 68-72.) After reviewing the Plaintiff's medical records and listening to his testimony at the hearing, Dr. Bland testified that the medical record is devoid of evidence that would satisfy the criteria set forth by the Center for Disease Control ("CDC") for diagnosing Lyme disease. (T. 70-71.) Instead, Plaintiff's indication of Lyme disease by Dr. Biddle was based on the diagnosis of a laboratory using its own lesser internal standards. (T. 69-72.) As Dr. Bland explained:

> And there are different sets of criteria for evaluating the Lyme test. There are criteria that are sometimes put forth by the laboratory that's , that's [sic] doing the test, and there are criteria put forth by the Center for Disease Control, that was negative, as well as the IGG. By the laboratory that performed the IGM it was considered positive. But the IGG by that laboratory was considered negative. So I did not see in this record at any time that there was an IFF that was positive, or even equivocal. And it would seem that for some disorder that has supposed to have been taking place for the past 15 years, that the IGG would certainly be positive by this time.

(T. 70-71.)

Moreover, as Dr. Bland testified, Plaintiff had not been evaluated by an infectious disease expert, a rheumatologist, or an endocrinologist. (T. 71.) The Court finds that substantial evidence supports the decision of the ALJ to find that Plaintiff did not satisfy his burden of demonstrating that his alleged Lyme disease

-11-

was a severe impairment because the diagnosis was not shown by medically acceptable diagnostic techniques. See C.F.R. § 404.1508. In fact, Plaintiff does not even dispute the fact that the medical record reflects that Plaintiff's test results did not satisfy the criteria set forth by the CDC and offers no argument that the lesser internal standards used by the laboratory that form the basis of Plaintiff's subsequent diagnosis by Dr. Biddle, an internist, was a medically acceptable diagnostic technique.

Moreover, where the Appeals Council considers additional evidence but denies review, reviewing courts must consider the record as a whole, including the new evidence, in determining whether the decision of the ALJ is supported by substantial evidence in the record. Wilkins v. Sec.'y, Dep't Health Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Plaintiff's former attorney submitted a consultative report of Dr. McClain, an infectious disease consultant, to the Appeals Counsel in connection with his request for review of the ALJ's decision. (T. 4.) Although this evidence was not before the ALJ and was not considered by the ALJ, it is the role of this Court to determine whether the record as a whole, including the opinion of Dr. McClain, supports the Commissioner's decision. See Wright, 953 F.2d at 96; Yost v. Astrue, Civil Action No. TMD-09-2942, 2010 WL 311432, at *3 (D. Md. Jan. 19, 2010).

In 2011, Dr. Biddle referred Plaintiff to an infectious disease consultant to determine whether Plaintiff's alleged symptoms result from Lyme disease. (T. 579.) Dr. McClain ordered further testing of Plaintiff, which yielded negative IgC and IgM levels with reference to the standards set forth by the CDC for diagnosing Lyme disease. (T. 581.) After a review of the records supplied by Dr. Biddle and an examination of Plaintiff, Dr. McClain found that Plaintiff "has no valid clinical or serological data upon which to base a diagnosis of Lyme disease." (T. 580.) This medical opinion of a specialist provides confirmation of the opinion of Dr. Bland. Upon a review of all the medical evidence in the record, it is clear that substantial evidence in the record supports the decision of the ALJ to not accept the diagnosis of Dr. Biddle regarding Lyme disease and to conclude that Plaintiff's alleged Lyme disease was not a severe impairment.

Even assuming that the ALJ did err in classifying Plaintiff's alleged Lyme disease as a non-severe impairment, such error was harmless because the ALJ addressed Plaintiff's alleged Lyme disease and the related impairments in detail in determining Plaintiff's RFC. See Pompa v. Comm'r of Soc. Sec., 73 F. App'x 801, 803 (6th Cir. 2003) (unpublished); McGrady v. Astrue, Civil No. 3:12cv14-GCM-DSC, 2012 WL 3112389, at *2 (W.D.N.C. Jun. 12, 2012) (Cayer, Mag. J.); Keever v. Astrue, No. 1:11cv148, 2012 WL 2458376, at *6 (W.D.N.C. Jun. 1,

2012) (Howell, Mag. J.); Pyles v. Astrue, No. 1:11cv116, 2012 WL 1165824, at *5 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.). Accordingly, remand is not required due to any alleged error by the ALJ in classifying Plaintiff's alleged Lyme disease as a non-severe impairment.

To the extent that Plaintiff also intended to argue that the ALJ erred in determining Plaintiff's RFC and/or erred in his credibility determination of Plaintiff because the ALJ improperly relied on the testimony of Dr. Bland and did not assign proper weight to the testimony of Dr. Biddle as to Plaintiff's alleged Lyme disease, Plaintiff has waived such arguments as they were not set forth in a separate assignment of error. The Court first warned counsel for Plaintiff that he must separately set forth each alleged error and provide supporting legal authority for each alleged error in his briefs in early 2012. See e.g. Pyles v. Astrue, No. 1:11cv116, slip op. at 6-7, n.2 (W.D.N.C. Mar. 19, 2012.). Despite the fact that this Court has stricken numerous briefs from the record, disregarded various arguments made by counsel in other social security cases for failing to comply with Court Orders, warned counsel in countless Orders, and even sanctioned counsel with monetary sanctions, counsel still refuses to comply with the Court's Orders and continues to waste the time of this Court and the Commissioner by simply throwing briefs together with no attention paid to the Court's prior instructions, the

actual legal arguments presented, or the relevant case law. The Court notes that the requirements imposed on counsel for briefs he files in social security cases are not difficult ones. In fact, any attorney licensed to practice in this Court should easily be able comply with this Court's Orders. Accordingly, counsel has waived any such legal arguments and they are not properly before this Court.

    **C.    The ALJ did not err in Considering the Testimony of the Vocational Expert**

At step five of the sequential evaluation process, the Commissioner bears the burden of demonstrating that Plaintiff can perform other work that exists in the national economy. Hines, 453 F.3d at 567. "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Not only must the opinion of the vocational expert be based on all the evidence in the record, but "it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments." Id.; Hines, 453 F.3d at 566; Riley v. Chater, 57 F. App'x 1067 (4th Cir. 1995) (unpublished). Here, the ALJ asked the vocational expert a hypothetical that fairly set out each of Plaintiff's impairments that the ALJ found to be credible and supported by the evidence in the record. (T. 72-78.) This is all that is required of the ALJ. See Schmidt v. Astrue, 496 F.3d 833, 845-46 (7th Cir. 2007) (holding

that "the ALJ is required only to incorporate into his hypothetical those impairments and limitations that he accepts as credible.")  Although the vocational expert testified that there would be no jobs in the economy if Plaintiff's testimony regarding the extent of his symptoms and pain were accurate (T. 78), the ALJ found that Plaintiff's testimony was not fully credible and did not incorporate these restrictions into his RFC determination (T. 22-29).   The Court, therefore, finds that substantial evidence supports the decision of the ALJ at step five that there is work available in the national economy that Plaintiff can perform.

Although Plaintiff raises numerous alleged errors in his third assignment of error, the only legal authority provided is a citation to Hines for the unremarkable proposition that the Commissioner bears the burden of demonstrating that Plaintiff can perform other work that exists in the national economy at step five.  As the Court has repeatedly instructed counsel for Plaintiff, counsel must set forth each alleged assignment of error in a separate section supported by legal citations and citations to the record.  Counsel has again failed to do so.  Accordingly, Plaintiff has waived any arguments contained in the third assignment of error regarding the ALJ's determination of Plaintiff's RFC or the ALJ's assignment of weight to the various medical opinions in the record. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary

Judgment [# 17] and **AFFIRM** the decision of the Commissioner.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 17], **DENY** the Plaintiff's Motion for Summary Judgment [# 13], and **AFFIRM** the Commissioner's decision.

Signed: January 28, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).