THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00336-MR-DLH

MATTHEW ERWIN ADAMS,          )
                              )
                 Plaintiff,   )
                              )
vs.                           )    O R D E R
                              )
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
                 Defendant.   )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13]; the Defendant's Motion for Summary Judgment [Doc. 17]; the Magistrate Judge's Memorandum and Recommendation [Doc. 19] regarding the disposition of those motions; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 20].

I.   PROCEDURAL BACKGROUND

The Plaintiff initiated this action on December 27, 2011, seeking judicial review of the Defendant's final decision concerning his application for disability benefits. [Doc. 1]. After the administrative record was filed

[Doc. 8], the parties submitted their respective motions for summary judgment. [Docs. 13, 17].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On January 28, 2013, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 19] in this case containing proposed conclusions of law in support of a recommendation regarding the motions [Docs. 13 and 17]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed his Objections on February 14, 2013. [Doc. 20].

II.  **STANDARD OF REVIEW**

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

In his Objections, the Plaintiff "respectfully object[s]" to the Magistrate Judge's recommendation that the Defendant's Motion for Summary Judgment be granted and that the Plaintiff's Motion for Summary Judgment be denied. [Doc. 20 at 1]. The Plaintiff then proceeds to reiterate the identical assignments of error as were raised before the Magistrate Judge. [Id. at 2-5]. These types of general objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich

3

v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.

The Plaintiff further fails to address the Magistrate Judge's determination that the Plaintiff waived many of these assignments of error. [See Memorandum and Recommendation, Doc. 19 at 9 (deeming Plaintiff to have waived any argument that the ALJ erred in assessing Plaintiff's credibility); at 14-15, 16 (finding that Plaintiff waived any arguments regarding the determination of Plaintiff's RFC or the ALJ's assignment of weight to various medical opinions of record because such arguments were not set forth in separate assignments of error)]. Having failed to make any objections to the determination that these arguments were waived, the Court need not conduct a *de novo* review of the Magistrate Judge's findings and conclusions on this point.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed findings of fact are correct and that his conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's

recommendation that the Defendant's Motion for Summary Judgment be granted and that the decision of the Commissioner be affirmed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 20] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 19] is **ACCEPTED**; the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 17] is **GRANTED**; and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: February 18, 2013

Martin Reidinger
United States District Judge